United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS, | No. C05-04964 MJJ |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND GRANTING MOTION TO DISMISS FOR FAILURE TO STATE CLAIM** |
| v. | |
| TREASURY DEPARTMENT ET AL, | |
| Defendant. | |

### INTRODUCTION

Before the Court is Defendant Treasury Department[1] *et al.'s* ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State Claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] Pro Se Plaintiff Robert Curtis ("Plaintiff") opposes Defendant's motion.[3] For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and **GRANTS** Defendant's Motion to Dismiss for Failure to State a Claim.

---

[1] The remaining defendants in this action are Glenda (Supervisor TOCS), Small Business Administration, Barbara Zepeda, Tanya N. Garfield (Deputy Area Director), Veterans Administration, Bank of America, Visa Card, Homeland Security, and Inspector Lott.

[2] Docket No. 35.

[3] Docket No. 43. Plaintiff's opposition was untimely, however because he is proceeding pro se, the Court will nevertheless consider his brief.

## FACTUAL BACKGROUND

The instant action presents a tort claim alleging fraud. On December 5, 2005, Plaintiff filed a complaint which contained allegations against Defendant for fraud relating to Defendant's procedures used to satisfy a debt owed by the Plaintiff to the Portland Veterans Hospital. Plaintiff's Complaint states that on November 22, 2004, he received notice from the Department of Treasury ("DOT") that he owed the Portland Veterans Hospital $600.44 for pharmacy charges after his quadruple bypass surgery. Accordingly, the DOT intended on collecting the debt by intercepting any federal payments made to him in accordance with the Treasury Offset Program ("TOP"). Plaintiff states that from October 15, 2004 until December 12, 2004, he was employed by the Small Business Administration as a Loss Verifier. During this time, he received travel advances in the form of travel vouchers deposited directly into a government issued Visa account in Plaintiff's name. Plaintiff alleges that the DOT intercepted the total amount owed to the Portland Veterans Hospital ($600.44) from travel vouchers that were deposited into his Visa account. Plaintiff alleges that this action resulted in a violation of the TOP.[4] According to the Complaint, because Plaintiff's travel advance was used to offset his debt to the Portland Veterans Hospital, he was held responsible for travel costs accrued during his employment with the Small Business Administration. Plaintiff alleges that he was unable to pay such amount and was not subsequently rehired. Plaintiff's Complaint states that in June, 2005, he contacted the Small Business Administration via telephone in attempt to resolve the issue.

Further, Plaintiff's Complaint states that on November 22, 2005, he was notified that the DOT had intercepted his year 2003 Federal Tax Return for eighty-one dollars. Plaintiff alleges this interception was also a violation of the TOP.

In the instant action, Plaintiff seeks relief for $10,000,730.23 alleging that the government's conduct was fraudulent in satisfying Plaintiff's debt to the Portland Veterans Hospital.

---

[4] *See* 31 CFR § 285.7 establishing the Department of Treasury Fiscal Management Services' procedure for centralized offset of Federal salary payments to collect delinquent nontax debts. 31 CFR § 285.7(a). Plaintiff argues that (1) travel advances are not salary and (2) even if travel vouchers constituted salary, according to 31 C.F.R. § 287.5(g) the offset amount can only be 15% of the debtors disposable pay or the amount of the debt, whichever is lesser. Further Plaintiff argues the under 5 U.S.C § 5707, only the unused portion of a sum advanced to an employee (travel advance, etc.) is recoverable to satisfy a debt owed to the government. *See also* 5 CFR 550.1102(b)(2).

On December 20, 2006, Defendant filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State Claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Savage v. Glendale Union High Sch*., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters*., 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039. The Bell standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial

and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting Sun Valley, 711 F.2d at 139).

## II.     Motion to Dismiss for Failure to State Claim

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## ANALYSIS

## I.     Subject Matter Jurisdiction under the Federal Tort Claims Act

Defendant argues that Plaintiff does not meet the subject matter jurisdictional prerequisite under the Federal Tort Claims Act ("FTCA") for bringing this action because he failed to file the required administrative claim. *See McNeil v. United States*, 508 U.S. 106 (1993) (stating that the FTCA bars claimants from bringing suit in federal court until they have exhausted their

administrative remedies); *Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776,778 (9th Cir. 1984) (en banc) (noting that section 2675(a) requires a claimant to file "a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and . . . a sum certain damages claim.")[5] Defendant contends that Plaintiff has not filed an administrative claim with the agency.  Plaintiff alleges in his opposition that he contacted the agency via telephone to complain and attempted to resolve the issue.  Defendant has not provided any evidence supporting its bare assertion that Plaintiff has failed to file an administrative claim.  Further, it is unclear from the Plaintiff's Complaint or his opposition brief whether he filed an administrative claim. Accordingly, Defendant's motion to dismiss for Lack of Subject Matter Jurisdiction is **DENIED WITHOUT PREJUDICE**.

## II.     Pleading Requirements Under the FTCA

### A.     United States as the Only Proper Party

Plaintiff frames his Complaint as a tort action against the Treasury Department, Small Business Administration, Veterans Administration, the Department of Homeland Security and four individuals employed by these agencies.  Defendant contends that under the FTCA, the only proper defendant is the United States, not the other agencies listed in Plaintiff's Complaint. *Allen v. Veteran's Administration*, 749 F.2d 1386,1388 (9th Cir. 1984) (stating that under the FTCA "individual agencies of the United States may not be sued.")[6] Defendant also argues that the FTCA does not support claims against individuals, unless the individuals acted outside their employment. *See Billings v. United States*, 57 F.3d 797, 799 (9th Cir. 1995) (stating that the purpose of the FTCA was to remove the personal liability of Federal employees for common law torts committed within the scope of their employment and instead provide that the exclusive remedy for such torts is

---

[5] 28 U.S.C.A section 2675 states in relevant part:
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property...unless claimant shall have first presented their claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency.   28 U.S.C.A. § 2675(a).

[6] In *Allen*, the Ninth Circuit affirmed the District Court's decision dismissing Plaintiff's complaint on the ground that United States, not Veterans Administration was the proper defendant. *See also* Daniel A. Morris, Esq., Fed. Tort Claims § 20:2 (2006).

5

through actions against the United States under the FTCA.)[7]

In this case, Plaintiff's Complaint reflects suit against individual agencies, not the United States. Thus, Plaintiff has failed to comply with this requirement under the FTCA. Further, Plaintiff's Complaint does not indicate that the individual defendants listed in his Complaint were acting outside the course of their employment. Therefore, Plaintiff also fails to meet this requirement under the FTCA. As such, the Court finds that Plaintiff's Complaint fails to satisfy the requirements under the FTCA.

### B. Plaintiff Must Affirmatively Allege Compliance with FTCA

Although Defendant does not set forth arguments based on the other deficiencies in Plaintiff's Complaint, the Court takes note that to file a claim under the FTCA, a plaintiff must affirmatively allege in his complaint "the timely filing of an administrative claim [as] a jurisdictional prerequisite to the bringing of suit under the FTCA." *Gillespie v. Civileti*, 629 F.2d 637, 640 (9th Cir. 1980) (*citing Canton v. United States*, 495 F.2d 635 (9th Cir. 1974)) (stating that "[although the] district court may dismiss a complaint for failure to allege this jurisdictional prerequisite . . . the pleader should be given an opportunity to file an amended complaint to attempt to cure such pleading defects.")

Plaintiff's Complaint fails for multiple reasons. First, Plaintiff's Complaint does not affirmatively allege that he filed an administrative claim. Second, Plaintiff's Complaint fails to identify the United States as the sole party defendant. Therefore, Plaintiff has failed to sufficiently allege any claims under the FTCA or any other viable claims, constitutional or otherwise. However, the Court finds that Plaintiff should have the opportunity to amend his Complaint. Accordingly, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff shall have 30 days from the entry of this Order to file an amended Complaint.

///

///

///

---

[7]See also 28 U.S.C.A. § 2679(d)(1).

6

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) and **GRANTS** Defendant's Motion to Dismiss for Failure to State Claim pursuant to Rule 12(b)(6).

**IT IS SO ORDERED.**

Dated: February 6, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE