**United States District Court**
For the Northern District of California

| | |
|---|---|
| CURTIS, | No. C05-04964 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE CLAIM AND FOR INSUFFICIENT PROCESS, AND DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| TREASURY DEPARTMENT ET AL, | |
| Defendant. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

### INTRODUCTION

Before the Court is Defendant Visa U.S.A.'s ("Defendant" or "Visa") Motion to Dismiss for Lack of Subject Matter Jurisdiction; Insufficient Process and Service; and Failure to State Claim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).[1]  *Pro Se* Plaintiff Robert Curtis ("Plaintiff") opposes Visa's motion.  For the following reasons, the Court **GRANTS** Visa's Motion to Dismiss for Failure to State a Claim; **GRANTS** Visa's Motion to Dismiss for Insufficient Process and Service; and **DENIES** Visa's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

As best the Court can discern, *pro se* Plaintiff's operative complaint arises from the alleged procedures used to satisfy a debt owed by the Plaintiff to the Portland Veterans Hospital.

---

[1] Docket No. 52.

1   On December 1, 2005, Plaintiff filed the original complaint.[2]  On February 7, 2007, this
2 Court granted the Federal Defendants' motion to dismiss Plaintiff's complaint for failure to state a
3 claim and granted Plaintiff leave to file an Amended Complaint.  On March 2, 2007, Plaintiff filed
4 the Amended Complaint.

*Pro se* Plaintiff's Amended complaint is entitled, "Amended Complaint in Federal Fraud Against Robert Curtis."  In his Amended Complaint, *pro se* Plaintiff complains of "fraud" and "Lost [sic] of Money, Slander, Discrimination, Lost [sic] of Credit, Lost [sic] of Income, Lost [sic] of Auto Insurance, Lost [sic] of Drivers [sic] License, Degradation with Starvation and Death just around the corner." (First Amended Complaint ("FAC") ¶¶ V.1, VI.7.)  In addition to Visa, Plaintiff names the United States, Treasury Department, Small Business Administration, Veterans Administration, the Department of Homeland Security, and four individuals employed by these agencies (collectively "Federal Defendants"), as additional Defendants in this action.

## LEGAL STANDARDS

### I.   Motion to Dismiss for Failure to State Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint.  *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Generally, dismissal is proper only when the

---

[2]*Pro se* Plaintiff's original complaint alleged that on November 22, 2004, he received notice from the Department of Treasury ("DOT") that he owed the Portland Veterans Hospital $600.44 for pharmacy charges after his quadruple bypass surgery. The DOT intended on collecting the debt by intercepting any federal payments made to him in accordance with the Treasury Offset Program ("TOP").

*Pro se* Plaintiff alleged that from October 15, 2004 until December 12, 2004, he was employed by the Small Business Administration as a Loss Verifier. During this time, he received travel advances in the form of travel vouchers deposited directly into a government issued Visa account in Plaintiff's name. Plaintiff alleged that the DOT intercepted the total amount owed to the Portland Veterans Hospital ($600.44) from travel vouchers that were deposited into his Visa account. Plaintiff alleges that this action resulted in a violation of the TOP. According to the original complaint, because Plaintiff's travel advance was used to offset his debt to the Portland Veterans Hospital, he was held responsible for travel costs accrued during his employment with the Small Business Administration. Plaintiff alleges that he was unable to pay such amount and not subsequently rehired. Plaintiff's original complaint stated that in June, 2005, he contacted the Small Business Administration via telephone in attempt to resolve the issue. Further, Plaintiff alleged that on November 22, 2005, he was notified that the DOT had intercepted his year 2003 Federal Tax Return for eighty-one dollars. Plaintiff alleged this interception was also a violation of the TOP. Plaintiff sought relief for $10,000,730.23 alleging that the government's conduct was fraudulent in satisfying Plaintiff's debt to the Portland Veterans Hospital.

2

plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc*., 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

**II.     Motion to Dismiss for Defects in Process and Service**

Under Federal Rule of Civil Procedure 4(m), if service of process is not accomplished within 120 days of the filing of the complaint, the district court in its discretion *may* either dismiss the action without prejudice or order service within a specified time. Fed. R. Civ. Proc. 4(m) (emphasis added). However, if the plaintiff can show "good cause" for an extension, the district court *must* extend the time for accomplishing service. *Id*. (emphasis added). *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995). Where the validity of service is contested by Rule 12 motion, the burden is on plaintiff (the party claiming proper service has been effected) to establish the validity of service. William R. Schwarzer, et al., *Federal Civil Procedure Before Trial*, § 9:148 (2006) (citing *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985); *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc*., 988 F2d 476, 488 (3rd Cir. 1993)).

**III.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

1   A facial attack is one where "the challenger asserts that the allegations contained in a
2 complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v.*
3 *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In evaluating a facial attack to jurisdiction, the Court
4 must accept the factual allegations in plaintiff's complaint as true.  *See Miranda v. Reno*, 238 F.3d
5 1156, 1157 n. 1 (9th Cir. 2001).  For a factual attack, in contrast, the Court may consider extrinsic
6 evidence.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Further, the court does
7 not have to assume the truthfulness of the allegations, and may resolve any factual disputes.  *See*
8 *White*, 227 F.3d at 1242.  Thus, "[o]nce the moving party has converted the motion to dismiss into a
9 factual motion by presenting affidavits or evidence properly before the court, the party opposing the
10 motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing
11 subject matter jurisdiction.  *Savage v. Glendale Union High Sch*., 343 F.3d 1036, 1039 n.2 (9th Cir.
12 2003).

## ANALYSIS

14   In the current motion, Visa contends: (1) Plaintiff has failed to state any viable claim for
15 relief against Visa; (2) The Court lacks subject matter jurisdiction because Plaintiff has failed to
16 state a claim against the United States under the Federal Tort Claims Act ("FTCA"); and (3) Plaintiff
17 has failed to timely serve the complaint and summons within the statutorily-prescribed period.  In his
18 Opposition, *pro se* Plaintiff does not substantively respond to Visa's arguments.  The Court
19 addresses Visa's arguments in turn.

20   As to Visa's first argument, the Court finds that Plaintiff has failed to state a cognizable
21 claim against Visa.  Nowhere in the FAC, does Plaintiff allege any wrongdoing by Visa.  The FAC
22 refers to Visa in seven instances.  (FAC at ¶. 1:13-14; 3:5-10; 6:3-6; 6:4.)  In each of those instances,
23 Plaintiff refers to Visa as a means of identifying the particular credit card or bank account at issue,
24 but attributes no improper to Visa.  For this reason, the Court **GRANTS** Visa's Motion to Dismiss
25 for Failure to State a Claim under Rule 12(b)(6).

26   As to Visa's second argument, Visa maintains that the Court lacks subject matter jurisdiction
27 because Plaintiff has failed to state a claim against the United States under the FTCA.  As a
28 jurisdictional prerequisite for suits against the United States, the FTCA requires the claimant to first

4

file the an administrative claim with the appropriate agency. *See McNeil v. United States*, 508 U.S. 106 (1993) (stating that the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies); *Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776,778 (9th Cir. 1984) (en banc) (noting that section 2675(a) requires a claimant to file "a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and . . . a sum certain damages claim.")[3]  In this case however, because Visa is not the United States, Plaintiff's potential claims against Visa need not comply with the requirements of the FTCA.  Accordingly, the Court finds Visa's jurisdictional argument unconvincing and **DENIES** Visa's Motion to Dismiss to the extent it is based on Lack of Subject Matter Jurisdiction.

Finally, as to Visa's third argument, the record reveals that Plaintiff's service was untimely. Plaintiff filed the Complaint on December 1, 2005[4], and did not serve Visa until February 27, 2007[5] – more than one year after the filing.  Accordingly, Plaintiff's service of the Complaint exceeded the 120-day period for service under Rule 4(m).  For this reason, the Court **GRANTS** Visa's Motion to Dismiss for Insufficient Process and Service.

///
///
///
///
///
///
///
///

---

[3] 28 U.S.C.A section 2675 states in relevant part:
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property...unless claimant shall have first presented their claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency.  28 U.S.C.A. § 2675(a).

[4] Docket No. 1.

[5] Docket No. 48.

5

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Visa's Motion to Dismiss for Failure to State a Claim; **GRANTS** Visa's Motion to Dismiss for Insufficient Process and Service; and **DENIES** Visa's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  Plaintiff shall have 30 days from the entry of this Order file an amended complaint and to properly allege his claims, if any, against Visa.  The hearing in this matter set for April 24, 2007 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: April 20, 2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE