IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS, | No. C05-04964 MJJ |
| Plaintiff, | **ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| TREASURY DEPARTMENT ET AL, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Treasury Department *et al.'s* ("Federal Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State Claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Alternatively Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).[1] *Pro se* Plaintiff Robert Curtis ("Plaintiff") has failed to file an opposition to Federal Defendants' motion. For the following reasons, the Court **GRANTS** Federal Defendants' Motion to Dismiss Treasury Department, Small Business Administration, Veterans Administration, and Homeland Security pursuant to Rule 12(b)(6).

The Court also **GRANTS** Federal Defendants' Motion to Dismiss the remaining Federal Defendants pursuant to Rule 12(b)(1). Plaintiff shall have 30 days from the entry of this Order file a Second Amended Complaint to properly allege his claims, if any, against the remaining Federal

---

[1] Docket No. 55.

Defendants, which now consist of the United States and the four individual Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

As best the Court can discern, *pro se* Plaintiff's amended complaint arises from the alleged procedures used to satisfy a debt allegedly owed by the Plaintiff to the Portland Veterans Hospital.

On December 1, 2005, Plaintiff filed the original complaint.[2] On February 7, 2007, this Court granted the Federal Defendants' first motion to dismiss Plaintiff's complaint for failure to state a claim and gave Plaintiff leave to file an Amended Complaint.[3] In granting Federal Defendants' Motion, the Court found that Plaintiff had failed to comply with the pleading requirements of the FTCA by: (1) naming individual agencies as Defendants, rather than the United States; and (2) by naming individual Defendants without alleging that the individuals were acting outside the course of their employment. The Court also found that Plaintiff had failed to allege that he had filed an administrative claim as required by the FTCA. On March 2, 2007, Plaintiff filed the Amended Complaint, which is the operative complaint before the Court.[4]

*Pro se* Plaintiff's Amended Complaint is entitled, "Amended Complaint in Federal Fraud Against Robert Curtis." In his Amended Complaint, *pro se* Plaintiff complains of "fraud" and "Lost [sic] of Money, Slander, Discrimination, Lost [sic] of Credit, Lost [sic] of Income, Lost [sic] of Auto

---

[2] *Pro se* Plaintiff's original complaint alleged that on November 22, 2004, he received notice from the Department of Treasury ("DOT") that he owed the Portland Veterans Hospital $600.44 for pharmacy charges after his quadruple bypass surgery. The DOT intended on collecting the debt by intercepting any federal payments made to him in accordance with the Treasury Offset Program ("TOP").

*Pro se* Plaintiff alleged that from October 15, 2004 until December 12, 2004, he was employed by the Small Business Administration as a Loss Verifier. During this time, he received travel advances in the form of travel vouchers deposited directly into a government issued Visa account in Plaintiff's name. Plaintiff alleged that the DOT intercepted the total amount owed to the Portland Veterans Hospital ($600.44) from travel vouchers that were deposited into his Visa account. Plaintiff alleges that this action resulted in a violation of the TOP. According to the original complaint, because Plaintiff's travel advance was used to offset his debt to the Portland Veterans Hospital, he was held responsible for travel costs accrued during his employment with the Small Business Administration. Plaintiff alleges that he was unable to pay such amount and not subsequently rehired. Plaintiff's original complaint stated that in June, 2005, he contacted the Small Business Administration via telephone in attempt to resolve the issue. Further, Plaintiff alleged that on November 22, 2005, he was notified that the DOT had intercepted his year 2003 Federal Tax Return for eighty-one dollars. Plaintiff alleged this interception was also a violation of the TOP. Plaintiff sought relief for $10,000,730.23 alleging that the government's conduct was fraudulent in satisfying Plaintiff's debt to the Portland Veterans Hospital.

[3] Docket No. 46. Plaintiff's opposition to Federal Defendants' first motion to dismiss was untimely, however because he was proceeding *pro se*, the Court considered his brief.

[4] On April 23, 2007, this Court granted Visa U.S.A.'s motion to dismiss Plaintiff's Amended Complaint for failure to state a claim and for insufficient process and service, and again gave Plaintiff leave to file an amended claim against Visa U.S.A. (Docket No. 59.)

2

1  Insurance, Lost [sic] of Drivers [sic] License, Degradation with Starvation and Death just around the
2  corner."  (First Amended Complaint ("FAC") ¶¶ V.1, VI.7.)  Plaintiff names the United States,
3  Treasury Department, Small Business Administration, Veterans Administration, the Department of
4  Homeland Security, four individuals[5] employed by these agencies (collectively "Federal
5  Defendants"), Bank of America, and "Visa Card" as additional Defendants in this action.

## LEGAL STANDARD

### I.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction.  Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true.  *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  For a factual attack, in contrast, the Court may consider extrinsic evidence.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes.  *See White*, 227 F.3d at 1242.  Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question

---

[5] The named individual Defendants, as they appear in the caption of Plaintiff's Amended Complaint are "Glenda – Supervisor TOCS, Barbara Zepeda, Tanya N. Garfield – Deputy Area Director, and Inspector Lott."  (FAC at p. 1.)

3

jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039. The Bell standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting Sun Valley, 711 F.2d at 139).

**II.     Motion to Dismiss for Failure to State Claim**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

**ANALYSIS**

**I.     Pleading Requirements Under the FTCA**

### A.   United States as the Only Proper Party

Plaintiff frames his Amended Complaint as a tort action against the Treasury Department, Small Business Administration, Veterans Administration, the Department of Homeland Security and four individuals. Federal Defendants contend that under the FTCA, the only proper defendant is the United States, not the other agencies listed in Plaintiff's Complaint. *Allen v. Veteran's Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984) (stating that under the FTCA "individual agencies of the United States may not be sued.")[6] Unlike their previous motion to dismiss, Federal Defendants do not seek to dismiss the claims against the individual Defendants here.

Plaintiff's Amended Complaint again names individual agencies as Defendants. Because Plaintiff has failed to properly amend his claims, the Court finds that Plaintiff has again failed to comply with the requirements of the FTCA. For this reason, the Court **GRANTS** Federal Defendants' motion to dismiss the Treasury Department, Small Business Administration, Veterans Administration, and Homeland Security for failure to state a claim.

### B.   Plaintiff Must Affirmatively Allege Compliance with the FTCA

Federal Defendants also argue that Plaintiff's Amended Complaint fails because Plaintiff has failed to allege that he filed a written claim for a sum certain as required by the FTCA.

In order to exhaust administrative remedies under the FTCA, a written claim must be timely presented to the appropriate federal agency. 28 U.S.C. § § 2401(b), 2672, 2675. "The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of suit under the FTCA [ ] and as such should be affirmatively alleged in the complaint." *Gillespie v. Civileti*, 629 F.2d 637, 640 (9th Cir. 1980) (*citing Caton v. United States*, 495 F.2d 635 (9th Cir. 1974)) (stating that "[although the] district court may dismiss a complaint for failure to allege this jurisdictional prerequisite . . . the pleader should be given an opportunity to file an amended complaint to attempt to cure such pleading defects.") The term "claim" as used in the FTCA means a "claim for a sum certain." *See Caton*, 495 F.2d 635. The sum certain requirement demands more than a mere general notice to the government of the approximate amount of the claim. Rather, a specific dollar amount

---

[6] In *Allen*, the Ninth Circuit affirmed the District Court's decision dismissing Plaintiff's complaint on the ground that United States, not Veterans Administration was the proper defendant. *Id.*

5

1  is necessary.  *See e.g., id.* at 636*; see also Bailey v. United States*, 642 F.2d 344, 345-47 (9th Cir.
2  1981); *Caidin v. United States*, 564 F.2d 284, 286 (9th Cir. 1977); *Avril v. United States*, 461 F.2d
3  1090, 1091 (9th Cir. 1972).

4  Here, in his Amended Complaint, *pro se* Plaintiff's alleges that he has "'Presented a Claim to
5  the Appropriate Federal Agencies and the Plaintiff's 'Claim' was 'Denied' when the Plaintiff was
6  told, "Go To Hell!" by Federal Employees.  However, Plaintiffs' Amended Complaint is insufficient
7  to state a claim under the FTCA for multiple reasons.  First, Plaintiff's Amended Complaint does not
8  affirmatively allege that he filed a written administrative claim as required by the FTCA.  Second,
9  Plaintiff's Amended Complaint does not allege a specific dollar amount for his claim and therefore
10 fails to satisfy the "sum certain" requirement under the FTCA.

11 Because Plaintiff has failed to allege the timely presentation of a written claim with a "sum
12 certain," the Court **GRANTS** Federal Defendants' motion to dismiss the remaining Federal
13 Defendants for lack of subject matter jurisdiction.  Plaintiff shall have 30 days from the entry of this
14 Order file a Second Amended Complaint to properly allege his claims, if any, against the remaining
15 Federal Defendants, which consist of the United States and the four individual Defendants.

**CONCLUSION**

17 For the foregoing reasons, the Court **GRANTS** Federal Defendants' Motion to Dismiss
18 Treasury Department, Small Business Administration, Veterans Administration, and Homeland
19 Security pursuant to Rule 12(b)(6).

20 The Court also **GRANTS** Federal Defendants' Motion to Dismiss the remaining Federal
21 Defendants pursuant to Rule 12(b)(1).  Plaintiff shall have 30 days from the entry of this Order file a
22 Second Amended Complaint to properly allege his claims, if any, against the remaining Federal
23 Defendants, which now consist of the United States and the four individual Defendants.  Failure to
24 properly amend the complaint may result in dismissal with prejudice.  The hearing in this matter set
25 for June 5, 2007 is hereby **VACATED**.

26 **IT IS SO ORDERED.**

27 Dated: May 30, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE