United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS, | No. C05-04964 MJJ |
| Plaintiff, | **ORDER GRANTING FEDERAL DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | |
| TREASURY DEPARTMENT ET AL, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Federal Defendants'[1] Motion to Dismiss and Alternatively Motion for a More Definite Statement.  (Docket No. 75.)  For the following reasons, the Court **GRANTS** the Motion to Dismiss without leave to amend.  Furthermore, the Court **DENIES** as moot Federal Defendants' Motion for a More Definite Statement and **VACATES** the October 2, 2007 hearing in this matter.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2005, *pro se* Plaintiff Robert Curtis ("Plaintiff") filed his original

---

[1] Federal Defendants include the Treasury Department, Small Business Administration, Veterans Administration, Homeland Security, Glenda - Supervisor TOCS, Barbara Zepeda, Tanya N. Garfield, and Inspector Lott.

[2] Plaintiff recently filed four documents entitled "motions" but without notice of a hearing date.  The Court denies as moot Plaintiff's "Motion Opposing Extension of Time for Conference Meeting" and "Motion & Order to Add Defendants" given that Federal Defendants' Motion to Dismiss disposes of the case.  The Court denies Plaintiff's "Motion & Order in Opposition to Dismissal and "Negligence for a Default Judgment Against United States" and "2nd Motion & Order for a Default Judgment Against United States" because Plaintiff fails to state grounds sufficient for a default judgment.

1 Complaint. On February 6, 2007, this Court granted the Federal Defendants' first motion to dismiss
2 Plaintiff's Complaint for failure to state a claim. Specifically, the Court found that Plaintiff had
3 failed to (1) affirmatively allege that he filed an administrative claim; and (2) identify the United
4 States as the sole party Defendant. The Court granted Plaintiff the opportunity to amend his
5 Complaint.

6 Plaintiff filed the Amended Complaint on March 2, 2007.[3] On May 31, 2007, the Court
7 granted Federal Defendants' Motion to Dismiss on the following grounds: (1) failure to properly
8 amend by continuing to name individual agencies as Defendants, rather than the United States; and
9 (2) failure to allege timely presentation of a written claim to the administrative agency. The Court
10 granted Plaintiff another opportunity to amend. On June 29, 2007, Plaintiff filed the Second
11 Amended Complaint ("SAC"), which is the operative complaint before this Court.

12 Plaintiff's SAC is entitled "2nd Amended Complaint for Federal Fraud Against Robert
13 Curtis." In the SAC, Plaintiff complains of "fraud" and "Lost [sic] of Construction Income," "Lost
14 [sic] of Bonding [sic]," "Lost [sic] of Credit," "Lost [sic] of SBA Job 2005-2006," "Lost [sic] of
15 Income," "Lost [sic] of $730.23," "Lost [sic] of $500,000.00," "Lost [sic] of $1.3 Billion," "Lost
16 [sic] of the Curtis diamonds," "Lost [sic] of a Certain Life Style," and "Lost [sic] of Life, Liberty
17 and the pursuit of Happiness." (SAC at 20.) Plaintiff names the United States, United States
18 Treasury Department, the Small Business Administration ("SBA"), the United States Veterans
19 Administration, the Department of Homeland Security, and four Federal employees as Federal
20 Defendants.[4] As best as this Court can discern, Plaintiff's SAC arises from the alleged procedures
21 used to satisfy a debt allegedly owed by the Plaintiff to the Portland Veterans Hospital.

22 Plaintiff's SAC makes the following relevant allegations against the agency Federal

---

[3]On April 23, 2007, this Court granted Defendant Visa U.S.A.'s motion to dismiss Plaintiff's Amended Complaint for failure to state a claim and for insufficient process and service, and again gave Plaintiff leave to file an amended claim against Visa U.S.A. (Docket No. 59.).

[4]Plaintiff's SAC also names Bank of America and Visa Card as Defendants. The Motion before this Court only concerns Federal Defendants.
Additionally, Plaintiff alleges new facts that seem to raise claims against new individuals and entities such as such as Bureau of Land Management, Judge Owen G. Panner, William Elliot, Frank Noonan, Steve Shapiro, G. Joan Betts, and President George W. Bush. (*See* SAC at 1-10.). The Court need not address these arguments because these individuals are not parties to the action and the current Motion is brought by the Federal Defendants.

2

Defendants. Plaintiff was employed by the SBA as a Loss Verifier from September 15, 2004 to December 15, 2004. (SAC ¶ 46.) During this time, the SBA issued Plaintiff travel vouchers that were deposited to a government-issued Bank of America MasterCard account in Plaintiff's name. (*Id.* ¶¶ 50, 55.) On November 22, 2004, Plaintiff received notice from the Treasury Department that he owed a debt to the Portland Veterans Hospital for pharmacy charges following his quadruple bypass surgery in August 2003. (*Id.* ¶¶ 40, 47.) Plaintiff believes he should have been exempt from these charges because his income was below the $10,929.00 threshold level. (*Id.* ¶¶ 42-43.) The Treasury Department collected the debt owed by Plaintiff by intercepting the travel vouchers that were deposited into this account. (*Id.* ¶¶ 47-48, 55.) The interception allegedly occurred as two debit adjustments in the amounts of $600.44 and $129.79 for a total amount of $730.23. (*Id.* ¶¶ 46-47.) As a result of the collection, Plaintiff's account had a negative balance and he was held responsible for the charges owed. (*Id.* ¶ 53.) The Treasury Department also intercepted his 2003 Tax Returns in the amount of $81.00. (*Id.* ¶ 81.) Plaintiff sent copies of his first Complaint to the SBA, Veterans Administration, and Treasury Department via Certified Mail. (*Id.* ¶ 75.)

Plaintiff makes the following relevant allegations against individual Federal Defendants. On April 8, 2005, he contacted individual Defendant Barbara Zepeda, of the SBA in Sacramento, via telephone regarding the offset deduction from his Travel Card Account. (SAC ¶¶ 56-57.) In response, Zepeda stated: "I cannot help!" "It is your Problem!" "I cannot deal with this!" "You made an Error!" "Not my problem!" "Contact Bank of America!" "Go to Hell!" (*Id.* ¶ 57.) He also spoke to individual Defendant Glenda of the Treasury Department. (*Id.* ¶ 67.) Glenda similarly told him, "Go to Hell!" He faxed a copy of his initial complaint to Zepeda and Glenda. (*Id.* ¶¶ 72-73.)

**LEGAL STANDARDS**

**I.     Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either

3

a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039. The *Bell* standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

**II.  Motion to Dismiss for Failure to State a Claim**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

4

sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Allegations drafted by *pro se* plaintiffs, however, are held to a "less stringent standard" than those prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## ANALYSIS

**I.    The Court Dismisses the Agency Defendants Because the United States is the Only Proper Party Under the FTCA.**

Plaintiff frames the SAC as a tort action against the Treasury Department, the SBA, Veterans Administration, the Department of Homeland Security and four individuals. The Federal Tort Claims Act (FTCA) provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees. *Allen v. Veteran's Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984) (affirming district court's dismissal of the plaintiff's complaint on the ground that the United States, not Veterans Administration was the proper defendant). Individual agencies of the United states, such as the Treasury Department, may not be sued. Despite being given two chances to properly allege his complaint against the correct parties, Plaintiff has failed to do so. In fact, the Court warned that the case would be dismissed without prejudice if the Plaintiff did not comply in the prior Order Granting Federal Defendants' Motion to Dismiss on May 31, 2007.

As such, the Court **GRANTS** Federal Defendants' Motion to Dismiss the Treasury

Department, Small Business Administration, Veterans Administration, and Homeland Security for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6). The Court does not grant Plaintiff leave to amend.

## II. The Court Does Not Have Subject Matter Jurisdiction Because Plaintiff Failed to Affirmatively Allege Compliance with the FTCA.

Federal Defendants argue that Plaintiff has failed to assert this Court's jurisdiction, contrary to this Court's orders on February 6 and May 31, 2007. Before an individual can file an FTCA action against the United States in district court, he must seek an administrative resolution of the claim. Section 2675(a) of the FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of suit under the FTCA [] and as such should be affirmatively alleged in the complaint." *Gillespie v. Civileti*, 629 F.2d 637, 640 (9th Cir. 1980).

According to Federal Defendants, Plaintiff has never filed an administrative tort claim. Plaintiff alleges that he faxed "a Copy of the future Complaint 05-4964-MJJ - Federal Fraud Against Robert Curtis" to individual Defendants Glenda of the Treasury Department and Barbara Zepeda of the SBA, the SBA, Veterans Administration and Treasury Department. *(*SAC ¶ ¶ 72, 73, 75.) Federal Defendants argue that a faxed complaint does not constitute a proper Administrative Tort Claim. Though they do not cite to case law to indicate what constitutes a proper administrative tort claim, we agree with their conclusion. "[T]he major reason for the administrative claim requirement is to facilitate settlement of cases." *Caidin v. United States*, 564 F.2d 284, 286 (9th Cir. 1977). A faxed complaint to employees such as Zepeda and Glenda does not sufficiently work towards this purpose because they are not in the business of settling tort cases. Plaintiff's faxed complaint would

6

not trigger an administrative process and cannot constitute a proper administrative tort claim.[5]  As such, the Court **GRANTS** Federal Defendants' Motion to Dismiss the remaining Federal Defendants under Federal Rules of Civil Procedure 12(b)(1).

### III.     The Court Need Not Reach Federal Defendants' Final Arguments.

Federal Defendants also assert that the individual Defendants (Glenda, Supervisor TOCS; Barbara Zepeda; Tanya N. Garfield; Deputy Area Director; and Inspector Lott) should be dismissed because Plaintiff fails to allege that these individuals were acting outside the course and scope of their employment.[6]  A plaintiff may bring FTCA claims against individuals as long as those individuals were not acting within the course and scope of their employment.  *See* 28 U.S.C. § 2679(d)(1); *Billings v. United States*, 57 F.3d 797, 799 (9th Cir. 1995).  It is unclear from the facts alleged here whether individual Defendants were acting within their scope of employment.  However, the Court does not need to reach this issue because Plaintiff has not exhausted his administrative remedies.

Finally, the Court need not address Federal Defendants' additional arguments as to the insufficiencies of Plaintiff's complaint because Plaintiff has failed to seek administrative resolution of the claim and as a result, this Court lacks jurisdiction.

//

//

---

[5] Federal Defendants argue that even if a faxed complaint constitutes a proper administrative tort claim, it would still be insufficient because the FTCA requires that plaintiffs file their tort claims before issuing their complaints under 25 U.S.C. § 2675. It is unclear exactly when Plaintiff allegedly faxed the complaints but the Court does not need to reach this argument because faxing a complaint to government employees does not constitute a sufficient administrative tort claim.

[6] As best as this Court can discern, Plaintiff's allegations against individual Glenda arose from a phone conversation on October 10, 2005. (SAC ¶¶ 67-68.) Plaintiff alleges that upon calling the Treasury Department, he reached Glenda, who he believes holds a supervisor position at the Treasury Department. (*Id.* ¶ 67.) He demanded the return of $730.23 and faxed her his credit card statement and "Treasury offset notices." (*Id.*)  He alleges that he called her back a few days later and was told "Go to Hell!" (*Id.* ¶ 68.)

His allegations against individual Defendant Barbara Zepeda are similar. After he received the second delinquency notice from the SBA, he called Barbara Zepeda "requesting Assistance to [sic] resolved [sic] the $730.23 Illegal Offset deduction on [ ] Plaintiff's Travel MASTERCARD." (SAC ¶ 56.) Barbara Zepeda allegedly replied "I can not help!" "It is your Problem!" "I cannot deal with this?!" "You made an Error!" "Not my problem!" "Contact Bank of America!" - "Go to Hell!" (*Id.* ¶ 57.)

Notably, Plaintiff does not allege any facts to support his FTCA claims against individual Defendants Tanya Garfield and Inspector Lott.

7

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Federal Defendants' Motion to Dismiss. Having dismissed Plaintiff's case against the Federal Defendants bringing this motion, the Court **DENIES** as moot the Federal Defendants' Motion for a More Definite Statement. Plaintiff has had two chances to properly allege his claims against Federal Defendants but has failed to do so. As such, this Court does not grant him leave to amend. This Court **VACATES** the October 2, 2007 hearing in this matter. The Clerk of the Court is directed to close the file.

Dated: September 26, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE